# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 25-CR-0130 (RER)
_____

UNITED STATES OF AMERICA

VERSUS

MAYNOR PEREZ BATEN

_____

**MEMORANDUM & ORDER**

_____

**RAMÓN E. REYES, JR., District Judge:**

Defendant Maynor Perez Baten ("Defendant") moves to dismiss the indictment under 8 U.S.C. § 1326 (illegal reentry after removal), arguing that the statute violates the Fifth Amendment's equal protection guarantee under the discriminatory-purpose framework set forth in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977).

After carefully reviewing the record, and for the reasons set forth herein, the Court denies the motion to dismiss.

## BACKGROUND

Defendant is charged in a one-count indictment with illegal reentry after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). (ECF No. 1 at 1). According to the indictment and the materials submitted in connection with the motion, Defendant was previously removed from the United States pursuant to an order of removal entered by an Immigration Judge. (*Id.* at 2). He is alleged to have thereafter reentered the United States

without having obtained permission from the Secretary of the Department of Homeland Security or the Attorney General. (*Id.* at 3). On February 20, 2025, a criminal complaint was filed charging Defendant with illegal reentry, and a warrant issued for his arrest. (ECF No. 1-2). Defendant was subsequently arrested and released on bond. (ECF No. 3-5). On April 14, 2025, a grand jury in the Eastern District of New York returned the indictment. (ECF No. 10). Defendant now moves to dismiss the indictment on constitutional grounds. (ECF No. 20).

## **DISCUSSION**

Defendant contends that 8 U.S.C. § 1326 is unconstitutionally "tainted" because it descends from a predecessor statute enacted with "explicit and vicious racial animus against Latinos," and because Congress has "never grappled with the law's sordid history" in a manner sufficient to remove that taint. (ECF No. 20 at 2). According to Defendant, the original illegal reentry provision was enacted in 1929 "at the height of the eugenics movement," and that same discriminatory purpose allegedly animated Congress's reenactment of the provision as part of the Immigration and Nationality Act of 1952. (*id.*) Although Section 1326 is facially neutral, Defendant argues that it "remains tethered to the racial animus that permeated its creation," (*id.* at 3), because Congress has never expressly repudiated the statute's origins and because, in Defendant's view, "the later reenactment of the reentry law was not neutral" (*id.* at 12). Defendant further emphasizes the statute's disparate impact, asserting that Section 1326 "disparately— indeed virtually exclusively—affects Latinos," (*id.* at 15), and citing data indicating that, "in fiscal year 2024, approximately 99% of unlawful reentry defendants were Hispanic/Latino" (*id.* at 16). Based on this asserted combination of discriminatory purpose

2

and disparate impact, Defendant maintains that 8 U.S.C. § 1326 is presumptively unconstitutional under *Arlington Heights*, shifting the burden to the Government to show that Congress would have enacted and reenacted the provision absent any discriminatory purpose and that the statute has been freed of its discriminatory taint. (*Id.* at 4).

The Court is mindful that the historical record reflects troubling aspects of the illegal-reentry statute's origins, and that Congress's subsequent reenactments and amendments did not expressly confront that history. The Second Circuit has acknowledged as much. In *United States v. Suquilanda*, the Circuit recognized that "racial animus infected the opinions and votes of some members of the 1952 Congress." 116 F.4th 129, 143 (2d Cir. 2024).

However, the Second Circuit squarely rejected the conclusion Defendant advances here. As the Circuit explained, "the fact that there were some members of Congress who made racist remarks or held discriminatory beliefs is not necessarily sufficient to cast the intent of Congress as a whole as discriminatory, or even to demonstrate racial animus as to § 1326 in particular." *Id.* (quoting *United States v. O'Brien*, 391 U.S. 367, 384 (1968)). The Circuit further emphasized the "presumption of legislative good faith," which "is not changed by a finding of past discrimination," and held that Congress's failure to expressly repudiate the 1929 Act's racist origins in 1952 does not itself establish unconstitutional intent. *Id.* at 144 (quoting *Abbott v. Perez*, 585 U.S. 579, 603 (2018)). The Circuit also observed that Congress has since amended Section 1326 on multiple occasions without any showing of contemporaneous discriminatory purpose. *Id.* "[B]ecause the legislative history presented does not demonstrate that racial discrimination was a 'substantial' or 'motivating' behind the enactment of the 1952 Act,"

3

the Second Circuit concluded that an equal-protection challenge to the statute fails as a matter of law. *Id.* at 144–45.

Here, Defendant acknowledges that this motion "is presently foreclosed" by *Suquilanda*, (ECF No. 20 at 2), and does not contend that the factual record before this Court is materially different (*Id.* at 4). In those circumstances, the conclusion is inescapable. "[D]istrict courts are "bound to follow controlling Second Circuit precedent unless that precedent is overruled or reversed." *United States v. Kelly*, 609 F. Supp. 3d 85, 131 (E.D.N.Y. 2022), aff'd, 128 F.4th 387 (2d Cir. 2025) (quoting *Unicorn Bulk Traders Ltd. v. Fortune Mar. Enters., Inc.*, No. 08-CV-9710 (PGG), 2009 WL 125751, at *2 (S.D.N.Y. Jan. 20, 2009)). Bound by *Suquilanda*, the Court denies Defendant's motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the indictment is **DENIED**.

SO ORDERED.

/s/ Ramon E. Reyes, Jr.
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: December 19, 2025
       Brooklyn, New York